**06-CR-00466-BOND**

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID RONALD MENDOZA,<br><br>Defendant. | NO. CR06-466 TSZ<br><br>PLEA AGREEMENT |

The United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, and Susan M. Roe and Roger S. Rogoff, Assistant United States Attorneys for said District, and the defendant, David Ronald Mendoza, and his attorneys, Jeffrey P. Robinson and Colette Tvedt, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1.    <u>The Charges</u>. The defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to Count 1 of the Superseding Indictment. Count 1 alleges a Conspiracy to Import more than 1,000 kilograms of Marijuana, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and (b)(1)(G) and 963. By entering this plea of guilty, the defendant waives all objections to the form of the charging document. The defendant further understands that before entering his plea of guilty, he will be placed under oath. Any statement he gives under oath may be used by the United States in a prosecution for perjury or false statement.

2.    <u>Elements of the Offenses</u>.  The elements of the offense of Conspiracy are as follows:

(1) That there was an agreement between two or more people to commit the acts which constituted a crime, that is, to import marijuana; and

(2) That the defendant became a member of the conspiracy knowing of its objects and intending to help accomplish at least one of its objectives.

The government also would have to prove beyond a reasonable doubt that the conspiracy involved more than 1,000 kilograms of marijuana. The defendant waives his right to require the United States to make the proof regarding the weight of the controlled substance, and stipulates that this plea of guilty includes his acknowledgment that the offense involved more than 1,000 kilograms of marijuana.

3.    <u>The Penalties</u>.  The defendant  understands that the statutory penalties for the offense are as follows:  Imprisonment for a term up to life with a mandatory minimum sentence of ten years of imprisonment, a fine of up to four million dollars, a period of supervision following release from prison of at least five years, and a $100 penalty assessment

The defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. The defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release than was originally imposed.

The defendant understands that a consequence of this guilty plea may include the forfeiture of certain property, either as a part of the sentence imposed by the Court or as a result of civil judicial or administrative process.

The defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office. He further understands that by pleading guilty to a felony

PLEA AGREEMENT/MENDOZA
CR06-466 TSZ - 2

1  drug offense, he will become ineligible for certain food stamp and social security benefits

2  under 21 U.S.C. § 862a.

3      4.    <u>Rights Waived by Pleading Guilty</u>.   The defendant understands that by

4  pleading guilty, he knowingly and voluntarily waives the following rights:

5      a.    The right to plead not guilty and to persist in a plea of not guilty;

6      b.    The right to a speedy and public trial before a jury of the his peers;

7      c.    The right to the effective assistance of counsel at trial and the right to have

8  the Court appoint an attorney for him if he could not afford one ;

9      d.    The right to be presumed innocent until guilt has been established beyond a

10  reasonable doubt at trial;

11      e.    The right to confront and cross-examine witnesses against him at trial;

12      f.    The right to compel or subpoena witnesses to appear on his behalf at trial;

13      g.    The right to testify or to remain silent at trial and such silence could not be

14  used against him at trial; and

15      h.    The right to appeal a finding of guilt or any pretrial rulings.

16      5.    <u>United States Sentencing Guidelines</u>.   The defendant understands and

17  acknowledges that, at sentencing, the Court must consider the sentencing range calculated

18  under the United States Sentencing Guidelines, together with the other factors set forth in

19  Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances

20  and of the offense; (2) the history and characteristics of the defendant; (3) the need for the

21  sentence to reflect the seriousness of the offense, to promote respect for the law, and to

22  provide just punishment for the offense; (4) the need for the sentence to afford adequate

23  deterrence to criminal conduct; (5) the need for the sentence to protect the public from

24  further crimes of the defendant; (6) the need to provide the defendant with educational

25  and vocational training, medical care, or other correctional treatment in the most effective

26  manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims;

27  and (9) the need to avoid unwarranted sentence disparity among defendants involved in

28

PLEA AGREEMENT/MENDOZA
CR06-466 TSZ - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 | similar conduct who have similar records.  Accordingly, the defendant understands and

2 | acknowledges that:

3 |         a.     The United States Sentencing Guidelines, promulgated by the

4 | United States Sentencing Commission, are applicable to this case;

5 |         b.     The Court will determine the defendant's applicable Sentencing

6 | Guidelines range at the time of sentencing; and, will consider the factors in Title 18,

7 | United States Code, Section 3553(a)

8 |         c.     Except as provided in paragraph 6 below, the defendant may not

9 | withdraw a guilty plea solely because of the sentence imposed by the Court.

10 |     6.    <u>Sentencing Agreement</u>.  Pursuant to Rule 11(c)(1)(C) of the Federal Rules

11 | of Criminal Procedure and as a result of a Judicially approved Settlement Conference, the

12 | parties acknowledge and agree that the appropriate sentence of imprisonment to be

13 | imposed by the court at the time of sentencing is a term of 168 months (14 years) and the

14 | defendant's forfeiture of four real properties, as set forth in paragraph 13 below.   If the

15 | sentencing court rejects any portion of the agreement of the parties set forth in this

16 | paragraph, both the defendant and the United States reserve the right to withdraw from

17 | this agreement pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure

18 | and to proceed to trial.  No other agreement has been made with regard to the imposition

19 | of the sentence in this matter, and the parties understand that the court retains full

20 | discretion with regard to the imposition of a term of supervised release, the conditions of

21 | supervised release and restitution as may be applicable.

22 |     7.    <u>Ultimate Sentence</u>.  The defendant acknowledges that no one has promised

23 | or guaranteed what sentence the Court will impose, except as set forth in paragraph 6

24 | above.

25 |     8.    <u>Statement of Facts</u>.  The parties agree that the government will prove the

26 | following facts at trial.  The defendant admits that he is guilty of the charged offense.

27 |

28 |

PLEA AGREEMENT/MENDOZA
CR06-466 TSZ - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   Over the five years leading up to and through August, 2006, Seattle resident David

2   Ronald Mendoza was a large-scale transporter of Canadian marijuana both into the

3   United States from Canada and throughout the United States.  Some of his marijuana

4   smuggling and transporting activities include:

5   **2003:**

6   1.  In April, 2003, ICE agents intercepted a 400 pound shipment of marijuana, nine

7   hockey bags in "coffin style" compartments lined with plastic and topped with coffee

8   grounds, hidden within a commercial load of lumber coming through the international

9   border at Blaine, Washington.  Mendoza was the intended recipient of this load.

10  **2005:**  In spring and summer of 2005, Mendoza received several loads of

11  marijuana flown across the border by helicopter into Washington State.  Canadians Kip

12  Whelpley and Jonathan Senecal came into Washington, living in Twisp and Seattle, in

13  order to receive Mendoza's loads.

14  2.  On June 9, 2005, ICE agents seized a 485 pound marijuana load, flown into

15  Washington State for Mendoza and packaged in 11 hockey bags, from Whelpley.

16  3.  On July 26,2005, Jonathan Senecal received on behalf of Mendoza another

17  marijuana load of unknown weight packaged in nine hockey bags.

18  4.  On August 4, 2005, ICE agents seized a 500 pound marijuana load packaged in

19  nine hockey bags which Mendoza, Danny Zylstra and Senecal had hidden in a woody

20  ravine.  Law enforcement contacted the men, confirmed their identities, and watched as

21  the men tried to find the seized marijuana.

22  5.  On December 15, 2005, three men, Danny Zylstra, John Sanders and William

23  Renner, working for Mendoza picked up a 500 pound marijuana load at Sanders' Seattle

24  residence.  Together, the men moved the load to a storage unit in Everett.  Later that

25  evening Zylstra, driving Mendoza's truck, attempted to deliver 120 pounds of the

26  marijuana in a South Seattle parking lot.

27

28

PLEA AGREEMENT/MENDOZA
CR06-466 TSZ - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**2006:**

6. On February 7, 2006, ICE seized a 265 pound marijuana load, packaged in five hockey bags, from Robert Lease and Robert Beazley. This load was flown across the border by a helicopter piloted by Timothy Smith. This led to the arrest of Beazley, Lease, Chen, and Lin. After Smith dropped the marijuana to Beazley, Smith flew to another location in the United States where he picked up Mendoza. Smith then flew to an airport in British Columbia and proceeded to drive with Mendoza to the Pan Pacific Hotel in Vancouver, British Columbia.

7. On August 17, 2006, ICE seized a 415 pound marijuana load from Donald Cramer. That summer, he and Al Howard had received marijuana loads from helicopters landing in Idaho and Montana. The marijuana was transported east to Spokane and Seattle for distribution to others.

**Coconspirators Admissions**

Whelpley and Senecal admitted that they worked for Mendoza and that they picked up several other similar-sized marijuana loads for him during the summer of 2005 which they brought to the Seattle area for delivery to others.

Lease and Beazley admitted they worked for Mendoza and that they received prior marijuana loads for Mendoza which they delivered to others.

Pilot Tim Smith admitted he worked for Mendoza and had made at least one prior marijuana smuggling trip for him.

Cramer admitted that he had received and transported between five and ten similar-sized marijuana loads for Mendoza.

Stacy Hinckley lived with Mendoza for three years, ending in mid-2006. Hinckley admitted she transported approximately 25 loads of marijuana to locations within the United States, including California, Oregon, Illinois, Utah and Colorado, for Mendoza. She estimated her loads weighed between 30 and 100 pounds.

Mendoza was responsible for importing and transporting thousands of pounds of marijuana within this District and elsewhere.

PLEA AGREEMENT/MENDOZA
CR06-466 TSZ - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1       9.     Waiver of Appeal  As part of this Plea Agreement and on the condition that

2 the Court imposes a custodial sentence consistent with paragraph 6 of the Plea

3 Agreement, the defendant waives to the full extent of the law: (1) any right conferred by

4 Title 18, United States Code, Section 3742 to appeal the sentence, including any

5 restitution order imposed; and (2) any right to bring a collateral attack against the

6 conviction and sentence, including any restitution order imposed, except as it may relate

7 to the effectiveness of legal representation

8       This waiver does not preclude the defendant from bringing an appropriate motion

9 pursuant to 28 U.S.C. 2241, to address the conditions of his confinement or the decisions

10 of the Bureau of Prisons regarding the execution of his sentence.

11       If the defendant breaches this Plea Agreement at any time by appealing or

12 collaterally attacking (except as to effectiveness of legal representation) the conviction or

13 sentence in any way, the United States may prosecute him for any counts, including those

14 with additional mandatory minimum sentences, that were dismissed or not charged

15 pursuant to this Plea Agreement.

16       10. Non-Prosecution of Additional Offenses. As part of this Plea Agreement, the

17 United States Attorney's Office for the Western District of Washington agrees not to

18 prosecute (1) the defendant or (2) his wife, Elizabeth Ahnert Mendoza for any additional

19 offenses known to it as of the time of this Agreement that are based upon evidence in its

20 possession at this time, or that arise out of the conduct giving rise to this investigation. In

21 this regard, the defendant recognizes the United States has agreed not to prosecute all of

22 the criminal charges the evidence establishes were committed by the defendant or by his

23 wife, Elizabeth Ahnert Mendoza, solely because of the promises made by the defendant in

24 this Agreement. The defendant agrees that for purposes of preparing the Presentence

25 Report, the United States Attorney's Office will provide the United States Probation

26 Office with evidence of all conduct committed by the defendant.

27       11.     Acceptance of Responsibility. The United States acknowledges that if the

28 defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG

PLEA AGREEMENT/MENDOZA
CR06-466 TSZ - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 § 3E1.1(a), and if the offense level is sixteen or greater, the defendant's total offense level

2 should be decreased by three levels pursuant to USSG §§ 3E1.1(a) and (b), because the

3 defendant has assisted the United States by timely notifying the authorities of his

4 intention to plead guilty, thereby permitting the United States to avoid preparing for trial

5 and permitting the Court to allocate its resources efficiently.  This three level reduction

6 has been fully taken into account and considered in determining the agreed recommended

7 sentence of 168 months.

8    12.    Breach, Waiver, and Post-Plea Conduct.  The defendant agrees that if he

9 breaches this Plea Agreement, the United States may withdraw from this Plea Agreement

10 and the defendant and his wife, Elizabeth Ahnert Mendoza, may be prosecuted for all

11 offenses for which the United States has evidence.  The defendant agrees not to oppose

12 any steps taken by the United States to nullify this Plea Agreement, including the filing of

13 a motion to withdraw from the Plea Agreement.  The defendant also agrees that if he is in

14 breach of this Plea Agreement, he  has waived any objection to the re-institution of any

15 charges in the Indictment that were previously dismissed or any additional charges that

16 had not been prosecuted.

17    The defendant further understands that if, after the date of this Agreement, the

18 defendant should engage in illegal conduct, or conduct that is in violation of his

19 conditions of release or confinement (examples of which include, but are not limited to:

20 obstruction of justice, failure to appear for a court proceeding, criminal conduct while

21 pending sentencing, and false statements to law enforcement agents, the Pretrial Services

22 Officer, Probation Officer or Court), the United States is free under this Agreement to file

23 additional charges against the defendant  or to seek a sentence that takes such conduct

24 into consideration.  Such a sentence could include a sentencing enhancement under the

25 United States Sentencing Guidelines or an upward departure from the applicable

26 sentencing guidelines range.

27    13.    Forfeiture.  The defendant agrees to forfeit to the United States

28 immediately all of his right, title and interest, and all right, title, and interest of any

PLEA AGREEMENT/MENDOZA
CR06-466 TSZ - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  corporation or limited liability company of which he is the sole shareholder, owner or

2  member, in any and all property, real or personal, that was used, or intended to be used, in

3  any manner or part, to commit or to facilitate the commission of the charged offense, and

4  any property constituting, or derived from, any proceeds the defendant obtained, directly

5  or indirectly, as the result of such offenses, that are subject to forfeiture pursuant to the

6  provisions of Title 18 and Title 21 of the United States Code.   The defendant agrees that

7  the four Real Properties, and/or the net proceeds of their sales, listed below constitute

8  forfeitable property under these statutory provisions.

9        The defendant agrees to assist fully the United States in the forfeiture of the assets

10  and to take whatever steps are necessary to pass clear title to the United States, including

11  but not limited to: ending all litigation, including withdrawing all appeals and motions, in

12  the civil forfeiture actions on these properties. surrendering title and executing any

13  documents necessary to effectuate such forfeiture; assisting in bringing any assets located

14  outside the United States within the jurisdiction of the United States; and taking whatever

15  steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed,

16  wasted, hidden or otherwise made unavailable for forfeiture.  The defendant agrees not to

17  file or pursue a claim to any of the below listed property in any civil forfeiture

18  proceeding, administrative or judicial, which has been, or  may be, initiated, and further

19  agrees to the forfeiture, as a part of his sentence herein, of any of the below listed

20  properties which have not already been forfeited civilly.

21        REAL PROPERTY commonly known as 2526 155th Place SE, Bellevue,

22  Washington, King County Parcel #675130-0450 or the net proceeds of the sale of the

23  property;

24        REAL PROPERTY commonly known as 31726 North Spotted Road, Deer Park,

25  Washington, Spokane County Parcel #28092-9065 or the net proceeds of the sale of the

26  property;

27        REAL PROPERTY commonly known as 849 NW Wall Street, Bend, Oregon,

28  Deschutes County Parcel #1-061 17 12 32 BD 06200 103806 or the net proceeds of the

PLEA AGREEMENT/MENDOZA
CR06-466 TSZ - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  sale of the property;

2      REAL PROPERTY commonly known as 1135 Tacoma Avenue South, Tacoma,

3  Washington, Pierce County Parcel #201111-010-0, together with its Buildings,

4  Improvements, Appurtenances, Fixtures, Attachments, and Easements, more particularly

5  described as: Lot 17, Block 1111, Map of New Tacoma, W.t. According to the Plat Filed

6  for Record February 3, 1875 in the Office of the Pierce County Auditor, in Pierce County

7  Washington or the net proceeds of the sale of the property; .

8      The United States reserves its right to proceed against any remaining assets not

9  identified in this Plea Agreement, including any property in which the defendant has any

10  interest or control, if said assets, real or personal, tangible or intangible, constitute or are

11  traceable to proceeds, or facilitated violations, of Title 21, United States Code, Sections

12  841, 952(a), 960(a)(1) and (b)(1)(G), 963 and Title 18, United States Code, Sections 1956

13  and 1957.

14      14.    Voluntariness of Plea.  The defendant agrees that he has entered into this

15  Plea Agreement freely and voluntarily, and that no threats or promises, other than the

16  promises contained in this Plea Agreement, were made to induce the defendant to enter

17  this plea of guilty.

18      15.    Statute of Limitations.  In the event this Agreement is not accepted by the

19  Court for any reason, or the defendant has breached any of the terms of this Plea

20  Agreement, the statute of limitations shall be deemed to have been tolled from the date of

21  the Plea Agreement to:  (1) 60 days following the date of non-acceptance of the Plea

22  Agreement by the Court; or (2) 60 days following the date on which a breach of the Plea

23  Agreement by the defendant is discovered by the United States Attorney's Office.

PLEA AGREEMENT/MENDOZA
CR06-466 TSZ - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    16.    Completeness of Agreement.  The United States and the defendant

2 acknowledge that these terms constitute the entire Plea Agreement between the parties.

3 This Agreement binds only the United States Attorney's Office for the Western District of

4 Washington.  It does not bind any other United States Attorney's Office or any other

5 office or agency of the United States, or any state or local prosecutor.

6    Dated this / 9ᵗʰ day of June, 2009.

7

8

9

10 DAVID RONALD MENDOZA
   Defendant

11

12 JEFFREY P. ROBINSON
13 Attorney for the defendant Mendoza

14

15

16 COLETTE TVEDT
   Attorney for defendant Mendoza

17

18 RICHARD E. COHEN
19 Assistant United States Attorney

20

21 SUSAN M. ROE
22 Assistant United States Attorney

23

24 ROGER S. ROGOFF
   Assistant United States Attorney

25

26

27

28

PLEA AGREEMENT/MENDOZA
CR06-466 TSZ - 11

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970