**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | )**No. CR06-466 Z** |
| Plaintiff, | ) |
| | ) |
| v. | )Seattle, Washington |
| | ) |
| DAVID MENDOZA, | )**June 19, 2009** |
| | )**11:00 a.m.** |
| Defendant. | ) |

VERBATIM REPORTED PROCEEDINGS FOR:  **FELONY PLEA**

BEFORE THE HONORABLE **THOMAS S. ZILLY**

UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Plaintiff:          **SUSAN ROE, ESQ.**
                            Assistant United States Attorney
                            700 Stewart Street, Suite 5220
                            Seattle, Washington 98101

                            **RICHARD COHEN, ESQ.**
                            Assistant United States Attorney
                            700 Stewart Street, Suite 5220
                            Seattle, Washington 98101


For the Defendant:          **JEFFREY ROBINSON, ESQ.**
                            Central Building, Suite 500
                            810 3rd Avenue
                            Seattle, Washington 98104-1693

                            **COLETTE TVEDT, ESQ.**
                            Schroeter Goldmark Bender
                            810 3rd Avenue, Suite 500
                            Seattle, Washington 98104-1619


Court Reporter:             **DONNA HUNTER, CCR, RPR**
                            Vernon & Associates Court Reporters
                            3641 N. Pearl Street, Unit D
                            Tacoma, Washington 98407

1          THE CLERK:  All rise, please.  Court is again in

2    session, the Honorable Thomas S. Zilly presiding.

3          THE COURT:  Good morning, ladies and gentlemen.

4    Please be seated.  Clerk, please call the calendar.

5          THE CLERK:  Thank you, Your Honor.  Case No. CR06-466

6    Z, United States of America v. David Mendoza.  For the record,

7    Counsel, will you please stand and make your appearance.

8          MS. ROE:  Morning, Your Honor, Susan Roe on behalf of

9    the United States.

10          MR. COHEN:  And Richard Cohen on behalf of the United

11    States.

12          THE COURT:  Good morning, Counsel.

13          MR. TVEDT:  Good morning, Your Honor, Colette Tvedt on

14    behalf of behalf David Mendoza.

15          MR. ROBINSON:  And Jeffrey Robinson on behalf of David

16    Mendoza who is present in the courtroom.

17          THE COURT:  Good morning, Mr. Mendoza.  The Court has

18    been advised that the Defendant has entered into a written plea

19    agreement which he asks this Court to approve; is that correct?

20          MS. ROE:  Yes, Your Honor.

21          MS TVEDT:  Yes, Your Honor.

22          THE COURT:  Mr. Mendoza, there are a number of

23    questions that I want to ask you under oath to be sure you know

24    exactly what is happening.  Your decision is voluntary and you

25    understand the consequences if you enter into this plea

1    agreement today, so I'm going to ask you to approach the podium

2    with your counsel.  I'm going to ask these questions of you

3    under oath.  At any time if you want to talk to your lawyer

4    before you answer my question, please just do so off the record.

5    If you don't understand any question I ask, please let me know

6    and I will and rephrase it.  Will you raise your right hand to

7    be sworn by the clerk, please.

8         **DAVID MENDOSA**, after having been duly sworn in by the Court

9    testified as follows:

10            THE DEFENDANT:  Yes, I do.

11            THE COURT:  Mr. Mendoza, do you understand that having

12   been sworn, your answers to my questions now are subject to the

13   penalties of perjury or making a false statement if you don't

14   answer them truthfully?

15            THE DEFENDANT:  Yes, sir.

16            THE COURT:  All right.  How old are you, sir?

17            THE DEFENDANT:  44 years old, sir.

18            THE COURT:  What does your education consist of?

19            THE DEFENDANT:  I have a graduate degree from the

20   University of Washington.

21            THE COURT:  In what subjects?

22            THE DEFENDANT:  International business.

23            THE COURT:  Have you ever been treated for any mental

24   disease or disorder?

25            THE DEFENDANT:  No, I have not, sir.

1    THE COURT:  Are you on any medication at the present

2  time?

3    THE DEFENDANT:  No, I am not.

4    THE COURT:  Do you understand completely what is

5  happening here today?

6    THE DEFENDANT:  Yes, I do.

7    THE COURT:  Does any counsel have any doubt as to the

8  competency of the Defendant to enter a plea should he decide to

9  do so today?

10    MS. ROE:  None from the government, Your Honor.

11    MS TVEDT:  No, Your Honor.

12    THE COURT:  All right.  The Court finds that Mr.

13  Mendoza is competent to enter a plea.  Have you had ample

14  opportunity to discuss the case with your lawyers?

15    THE DEFENDANT:  Yes, I have, Your Honor.

16    THE COURT:  Are you completely satisfied with your

17  lawyers' representations of you in this case?

18    THE DEFENDANT:  Yes, I am, Your Honor.

19    THE COURT:  Do you understand that under the

20  Constitution and laws of the United States, you are entitled to

21  a trial by jury of the charges against you?

22    THE DEFENDANT:  Yes, I do.

23    THE COURT:  Let me ask you this:  Are you -- have you

24  seen and are you familiar with the superseding indictment

25  charging you with several counts in this case?

1          THE DEFENDANT:  Am I familiar with that?

2          THE COURT:  Yes.

3          THE DEFENDANT:  Yes, I am, sir.

4          THE COURT:  You waive the reading of the superseding

5    indictment here in open court this morning?

6          THE DEFENDANT:  That's correct, Your Honor.

7          THE COURT:  Now, you understand that if we did have a

8    trial, you are presumed innocent, the government would be

9    required to prove your guilt by competent evidence beyond a

10   reasonable doubt before you could be found guilty?

11         THE DEFENDANT:  Yes, I am, Your Honor.

12         THE COURT:  In other words, you don't have -- you

13   would not have to prove anything.  The government would have the

14   total burden to prove beyond a reasonable doubt your guilt; do

15   you understand?

16         THE DEFENDANT:  I do understand that, sir.

17         THE COURT:  Do you understand that if we did have a

18   trial, that the witnesses for the government would have to come

19   into court and testify in your presence and your lawyers could

20   cross examine the witnesses, object to evidence offered by the

21   government and offer evidence on your behalf?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  And do you understand that if we did have

24   a trial, that while you have the right to testify if you wish to

25   do so at that time, you'd also have the right not to testify.

1    And if you exercise the right not to testify, there would be no

2    inference or suggestion of guilt because you exercised your

3    Fifth Amendment right to remain silent; do you understand?

4           THE DEFENDANT:  Yes, I do, sir.

5           THE COURT:  If you exercise that right to remain

6    silent, we would tell the Jury that you have that Constitutional

7    right and there should be nothing that the Jury should consider

8    as a result of your failure to testify; do you understand that?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  All right.  Do you understand that if we

11    had a trial and you were found guilty, you have a right to

12    appeal that guilty finding?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  And if you can't afford a lawyer in any

15    part of the process, or costs of going forward with the trial or

16    an appeal, the government would pay for those attorneys or

17    costs; do you understand?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Now, do you understand that if you plead

20    guilty and I accept your plea, that you give up the right to a

21    trial and the other rights I have discussed?  There won't be a

22    trial and we will enter a judgment and sentence you based on

23    your guilty plea after considering a presentence report.

24          THE DEFENDANT:  I do understand this, Your Honor.

25          THE COURT:  Now, let me just ask you again whether

1    you've had ample opportunity to discuss the superseding

2    indictment with your lawyers.

3            THE DEFENDANT:  I have, Your Honor.

4            THE COURT:  And do you understand each of the charges

5    against you, sir?

6            THE DEFENDANT:  Yes, I do, Your Honor.

7            THE COURT:  Has anyone threatened or mistreated or

8    pressured you in any way to force a plea of guilty?

9            THE DEFENDANT:  No, Your Honor.

10           THE COURT:  Has there been any plea agreement between

11   you and the government other than the written plea agreement

12   that has been handed up to me today?

13           THE DEFENDANT:  No, Your Honor.

14           THE COURT:  I have been handed a -- a 11-page plea

15   agreement dated June 19, 2009; is this your signature on the

16   first line of the last page, sir?

17           THE DEFENDANT:  Yes, it is, Your Honor.

18           THE COURT:  Did you read this plea agreement before

19   you signed it?

20           THE DEFENDANT:  I read it fully, Your Honor.

21           THE COURT:  Do you understand it, sir?

22           THE DEFENDANT:  Yes, I do, Your Honor.

23           THE COURT:  We're going to go over it in some detail,

24   but this is the plea agreement that you are agreeing to plead

25   to; is that right?

1          THE DEFENDANT:  That's correct, sir.

2          THE COURT:  And has there been any promises made to

3    you other than what is contained in the written plea agreement?

4          THE DEFENDANT:  No, Your Honor.

5          THE COURT:  Now, if we go through this plea agreement

6    and I accept the plea but not the plea agreement as is my intent

7    today, that means that you will be bound by the plea agreement

8    and you cannot withdraw that plea before sentencing unless you

9    can establish a fair and just reason for requesting a

10   withdrawal; do you understand that?

11         THE DEFENDANT:  Yes, I do, Your Honor.

12         THE COURT:  And that would require you to find newly

13   discovered evidence, intervening circumstances or other reasons

14   for which withdrawing the plea did not exist at the time you

15   entered into the plea today; do you understand that?

16         THE DEFENDANT:  I do, Your Honor.

17         THE COURT:  And ultimately assuming I accept the plea

18   and the plea agreement and sentence you, and I know it's a

19   binding sentence under 11(c)(1)(C), you won't be able to

20   withdraw that plea once you hear me accept it and sentence you;

21   do you understand that?

22         THE DEFENDANT:  I understand this, Your Honor.

23         THE COURT:  Do you understand that at sentencing I

24   would make a determination of what the sentencing guidelines

25   would be and I would also then consider in determining whether

1   to accept the plea agreement all of the factors under the

2   statute 3553 that I'm required to consider, which are outlined

3   in the plea agreement; do you understand?

4           THE DEFENDANT:  I do, sir.

5           THE COURT:  All right.  Let me just run through this

6   plea agreement again and if you would follow along with me, sir.

7   Do you understand that this plea agreement contemplates that you

8   will plead guilty to Count 1 of the superseding indictment which

9   alleges a conspiracy to import more than 1,000 kilograms of

10  marijuana in violation of federal law; do you understand that?

11          THE DEFENDANT:  I do, Your Honor.

12          THE COURT:  And do you understand that in order for

13  the government to prove you guilty of that conspiracy in Count

14  1, they would have to prove the elements which are set forth in

15  paragraph two of this plea agreement, and they are that there

16  was an agreement between two or more people to commit the acts

17  which constituted a crime, that is, to import marijuana; and

18  two, that the Defendant became a member of the conspiracy

19  knowing of its objects and intending to help accomplish at least

20  one of its objectives; and further the government would have to

21  prove beyond a reasonable doubt the conspiracy involved more

22  than 1,000 kilograms of marijuana; do you understand that?

23          THE DEFENDANT:  I do, sir.

24          THE COURT:  And do you understand that by entering

25  into this plea agreement, you are waiving your right to require

1    the government to make proof regarding the weight of the

2    controlled substance, and you stipulate that this plea of guilty

3    includes your agreement and acknowledgment that the offense

4    involved more than 1,000 kilograms of marijuana?

5            THE DEFENDANT:  I understand, Your Honor.

6            THE COURT:  All right.  Do you understand as outlined

7    in paragraph three of the plea agreement that if you plead

8    guilty, the statutory penalties for the offense are a term of up

9    to life with a mandatory minimum sentence of ten years

10   imprisonment, a fine of up to $4 million, a period of supervised

11   release following release from prison at least five years and a

12   $100 penalty assessment; do you understand that?

13           THE DEFENDANT:  I do, Your Honor.

14           THE COURT:  And do you understand that supervised

15   release is a period of time following your imprisonment when you

16   would be subject to various restrictions and requirements, that

17   if you violated would -- could cause you to be returned to

18   prison for violation of your supervised release?

19           THE DEFENDANT:  I understand that, sir.

20           THE COURT:  Do you understand that the -- your guilty

21   plea would also include, and it's outlined further later in this

22   plea agreement, the forfeiture of various property which are

23   outlined in the plea agreement; do you understand that?

24           THE DEFENDANT:  I do, sir.

25           THE COURT:  And do you understand that in addition to

1   a sentence of any special assessments, fines, costs, restitution

2   and the like would be due and payable immediately?

3           THE DEFENDANT:  Yes, Your Honor.

4           THE COURT:  All right.  Do you understand in paragraph

5   four which we -- we have gone through these rights, but I want

6   to just be sure you understand that you are waiving all of these

7   rights by agreeing to the plea, and that is the right to plead

8   not guilty and persist in your plea of not guilty, the right to

9   a speedy and public trial before a jury, and I believe we

10  continued the jury trial as a result of the hearing a couple of

11  weeks ago and we have a trial date now set in I believe early

12  September, but you understand that if you don't plead guilty,

13  you have got that trial date in place?

14          THE DEFENDANT:  I do, Your Honor.

15          THE COURT:  All right.  And, in addition, you -- you

16  waive the right to effective assistance of counsel at trial and

17  the right to have the Court appoint you a lawyer if you could

18  not afford one; the right to be presumed innocent until guilt

19  has been established beyond a reasonable doubt; the right to

20  confront and cross examine witnesses against you at trial; the

21  right to compel or subpoena witnesses to appear on your behalf;

22  the right to testify or remain silent and the fact that such

23  silence would not be used against you; and the right to appeal

24  the finding of guilt or any pretrial ruling; do you understand

25  all of those would be waived pursuant to this plea and this plea

1    agreement?

2            THE DEFENDANT:  I understand this, Your Honor.

3            THE COURT:  Now, I have indicated that in connection

4    with sentencing the Court would consider the sentencing range

5    calculated by the guidelines and the other factors contained in

6    Section 3553(a) and it will be basically those factors which the

7    Court will consider in determining ultimately whether to accept

8    the plea agreement at the time of sentencing; do you understand

9    that?

10           THE DEFENDANT:  Yes, I do, sir.

11           THE COURT:  Now, as I understand it, this sentencing

12   agreement pursuant to paragraph six and pursuant to Federal Rule

13   of Criminal Procedure 11(c)(1)(C), you agree that the

14   appropriate sentence be imposed by me at the time of sentencing

15   is a term of 168 months or a total of 14 years and the

16   forfeiture of the four real properties set forth in paragraph 13

17   of the plea agreement; do you understand that?

18           THE DEFENDANT:  That's correct, sir.

19           THE COURT:  And if I reject any portion of the

20   agreement, both you and the government portion reserve the right

21   to withdraw from the agreement pursuant to Rule 11(c)(1)(C) and

22   proceed to trial?

23           THE DEFENDANT:  I understand that, sir.

24           THE COURT:  And you acknowledge in paragraph seven

25   that nobody has acknowledged or promised or guaranteed what the

 1   sentence will be, that will be up to me, but of course, if I

 2   don't sentence you to 14 years, then one side or the other will

 3   have the right to withdraw?

 4            THE DEFENDANT:  I understand this, Your Honor.

 5            THE COURT:  Paragraph eight outlines a lengthy

 6   statement of facts which the parties and you agree that the

 7   government will prove, can prove at trial.  I'm not going to

 8   read all of those facts stated in paragraph eight, but let me

 9   ask you this first:  Have you carefully read all of those facts

10   stated in paragraph eight?

11            THE DEFENDANT:  Yes, I have, Your Honor.

12            THE COURT:  Are they all true and correct?

13            THE DEFENDANT:  Yes, they are, sir.

14            THE COURT:  And you agree that the government could

15   prove each of the facts stated in paragraph eight; is that

16   right?

17            THE DEFENDANT:  That is correct, sir.

18            THE COURT:  Now, paragraph nine talks about a waiver

19   of appeal, and do you understand that as part of this plea

20   agreement that on the condition that the Court imposes the

21   sentence 14 years that you waive any right to appeal the

22   sentence, including any restitution order, any right to bring a

23   collateral attack against the conviction and sentence, including

24   any restitution order imposed except as it may relate to the

25   effectiveness of the legal representation?

1              THE DEFENDANT:  That is correct, sir.

2              THE COURT:  And this waiver would not preclude you

3    from bringing an appropriate motion to address conditions of

4    confinement or the decisions of the Bureau of Prisons regarding

5    the execution of the sentence; do you understand that?

6              THE DEFENDANT:  I do, Your Honor.

7              THE COURT:  And do you understand if the -- if you

8    breach the plea agreement at any time by appealing or

9    collaterally attacking or continuing any appeal which you might

10   have already filed, conviction -- or the conviction of

11   sentencing in any way, the government could prosecute you for

12   any counts, including those with the additional mandatory

13   minimum sentences that would be dismissed at the time of

14   sentencing?

15             THE DEFENDANT:  I understand this, Your Honor.

16             THE COURT:  Do you understand that you are pleading to

17   Count 1, one conspiracy, but the superseding indictment has

18   numerous other counts, some of which include another statutory

19   minimum I believe of an additional ten years.  All of those

20   additional counts would be dismissed at the time of sentencing

21   should I agree with you and accept the plea agreement.

22             THE DEFENDANT:  I understand this, Your Honor.

23             THE COURT:  Now, I know that paragraph ten is

24   important to you, so I want to review it carefully.  Is it your

25   understanding as part of this plea agreement that the United

1    States Attorney's Office for this district, Western District of

2    Washington has agreed that if you plead guilty and if I accept

3    that plea agreement, that they would not prosecute either you or

4    your wife, Elizabeth Arnett Mendoza, for any additional offenses

5    known to and at the time of this agreement based upon the

6    evidence in its possession at this time or that arise out of the

7    conduct having given rise to this investigation; is that your

8    understanding?

9            THE DEFENDANT:  That's my full understanding, Your

10   Honor.

11           THE COURT:  And in this regard you understand that the

12   United States has agreed not to prosecute all the criminal

13   charges the evidence establishes were committed by the defendant

14   or his wife -- or your wife solely because of the promises made

15   by the Defendant in this agreement; is that your understanding?

16           THE DEFENDANT:  Yes, it is, Your Honor.

17           THE COURT:  And as I understand it for purposes of

18   understanding what that evidence is, we're going to be relying

19   upon the presentence report and the United States Attorney's

20   Office to provide Probation with the evidence of all of this

21   conduct so that we'll know exactly what it is that the

22   government is agreeing not to prosecute.

23           THE DEFENDANT:  Okay.

24           THE COURT:  Is that your understanding as well, sir?

25           THE DEFENDANT:  Yes, sir.

1     THE COURT:  And paragraph 11 of this plea agreement

2     talks about acceptance of responsibility and the three level

3     reduction, but as I understand it in calculating the guidelines

4     that all of this has been taken into account in arriving at the

5     14-year sentence that everybody has agreed to but the judge at

6     this point; is that your understanding?

7     THE DEFENDANT:  That's my understanding, sir.

8     THE COURT:  All right.  And do you understand if you

9     breach this plea agreement in any way, the government can move

10    to withdraw from the plea agreement and you and your wife may be

11    prosecuted for all of the offenses for which the government has

12    evidence?

13    THE DEFENDANT:  I understand, sir.

14    THE COURT:  Do you further agree that this plea

15    agreement contemplates that if you after the date of this

16    agreement engage in any illegal conduct or conduct that is in

17    violation of the conditions of release or confinement, including

18    obstruction of justice, failure to appear, criminal conduct

19    which is pending sentencing, false statements and the like, the

20    government is free under the agreement to file additional

21    charges or seek a sentence which takes such account or conduct

22    into consideration?

23    THE DEFENDANT:  I understand this, Your Honor.

24    THE COURT:  Paragraph 13 deals with forfeiture and you

25    agree to forfeit to the United States immediately all right,

1    title and interest in various properties.  Those properties are

2    described in paragraph 13 in the plea agreement at the bottom of

3    page nine and the top of page ten; do you understand that you

4    are giving up all rights in connection with all those

5    properties?

6            THE DEFENDANT:  I do, Your Honor.

7            THE COURT:  Now as I understand it, one or more of

8    those properties may have been the subject of earlier orders of

9    this Court ordering that forfeiture and you may have appealed

10   some or all of those orders.  As I understand it, this plea

11   agreement would contemplate that you will give up any appeals

12   that you may have already filed and you give up and agree to

13   forfeit any interest in all of these properties; is that right?

14           THE DEFENDANT:  That's how I understand it also, Your

15   Honor.

16           THE COURT:  All right.  Let me just ask you again,

17   because it's important that I make findings, have you entered

18   into this plea agreement freely and voluntarily?

19           THE DEFENDANT:  Yes, I have, Your Honor.

20           THE COURT:  Have there been any threats or promises,

21   other than the promises contained in this plea agreement made to

22   you to induce you to enter into this plea agreement?

23           THE DEFENDANT:  No, Your Honor.

24           THE COURT:  And, once again, does this plea agreement

25   then contain the entire agreement between you and the

1   government?

2           THE DEFENDANT:  Yes, it does, Your Honor.

3           THE COURT:  Do you have any questions about the plea

4   agreement that you wish to ask?

5           THE DEFENDANT:  No, honestly I think we have covered

6   it very fully.

7           THE COURT:  Pardon me?

8           THE DEFENDANT:  No, Your Honor I think we covered it.

9           THE COURT:  Does the government believe there is

10  anything that we have not covered in the colloquy with the

11  Defendant that --

12          MS. ROE:  No, Your Honor.

13          THE COURT:  -- needs to be addressed?

14          MS. ROE:  No, Your Honor.  I believe it's been covered

15  adequately, more than adequately.

16          THE COURT:  Defense counsel, do you have anything that

17  needs to be addressed?

18          MS TVEDT:  Nothing further, Your Honor.

19          THE COURT:  All right.  Having heard everything that

20  has been said concerning your rights today and the consequences

21  if you plead guilty, do you still wish to enter a plea to Count

22  1?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  What is your plead to Count 1 of the

25  superseding indictment, guilty or not guilty, sir?

1          THE DEFENDANT:  Guilty, Your Honor.

2          THE COURT:  All right.  Pursuant to the federal rules

3    I will accept the plea but defer a decision on the plea

4    agreement, meaning that I want to look at the presentence

5    report, understand exactly what other defendants that I really

6    have no involvement with, what their sentences were before I

7    make a final decision.  But I would have to say that having

8    listened to and what I know about the case, I see no reason at

9    this point not to say that this sounds like a reasonable effort

10   on both sides to reach a settlement and a plea, but I'm not

11   going to formally bind myself until I have had an opportunity to

12   have the benefit of the presentence report.

13       But I will say for the record that I make the following

14   findings now:  I find that the Defendant is fully competent to

15   enter a plea at this time; that the plea is made voluntarily and

16   freely with an understanding of the nature of the charges and

17   the consequences of the plea; and that the Defendant did commit

18   the crime charged in Count 1 of the superseding indictment as I

19   understand it.  As I understand it, and I'm not sure we covered

20   it in the colloquy, but at the time of sentencing all of the

21   other counts will be dismissed at the time and if I accept the

22   plea agreement and sentence the Defendant in accordance with; is

23   that the understanding of the government as well?

24          MS. ROE:  Yes, Your Honor.  In addition at the time of

25   sentencing, if the Court accepts the plea agreement, the

1    government would move to dismiss the sentencing enhancement.

2              THE COURT:  All right.  And is that your understanding

3    as well, sir?

4              THE DEFENDANT:  Yes, it is, Your Honor.

5              THE COURT:  All right.  Thank you.  I'm going to order

6    a presentence report as I do in every case.  I would ask you and

7    encourage you to cooperate with the probation officer in

8    furnishing information to that person.  That person will then

9    prepare a pre -- your lawyer can be present when you talk with

10   the probation.

11             THE DEFENDANT:  Okay, Your Honor.

12             THE COURT:  You don't have to talk to them, but I

13   encourage you to do so because it will provide the most

14   information we can provide in determining whether to accept or

15   reject the plea agreement ultimately.  You will have a chance to

16   review the presentence report even before I see it.  If your

17   lawyers have or you have any objections to it, you can make

18   those objections known to the probation officer.  Ultimately I

19   will receive a presentence report.  You will have a copy of the

20   final one and even after -- even then if you have continuing

21   objections to any portion of it, you can make your objections

22   known to the government and to me at the time of the hearing to

23   accept or reject the plea agreement and to sentence you.  We're

24   going to set a sentencing date of -- do we have a probation

25   officer here in court?

1          MS. ROE:  They usually request at least ten weeks I
2     know.
3          THE COURT:  I understand.  I'm going to set it for
4     Thursday September 24, 2009, 1:30.  Is that a date agreeable to
5     Counsel?
6          MS. ROE:  Yes, Your Honor.
7          MS TVEDT:  Yes, Your Honor.
8          THE COURT:  All right.  Anything further that we need
9     to cover today?
10         MS. ROE:  Not from the government, Your Honor.
11         MS TVEDT:  No, Your Honor.
12         THE COURT:  All right.  We'll be in recess.
13         THE CLERK:  All rise, please.  Court is in recess.
14         THE COURT:  Just a moment.  I think that -- well, I
15    don't -- I have accepted the plea.  I don't think I signed the
16    plea agreement.  It will be filed.  We'll be in recess.
17         THE CLERK:  Court is in recess.
18              (Proceeding concluded 11:47 a.m.)
19
20
21
22
23
24
25

```
 1                    C E R T I F I C A T E

 2   STATE OF WASHINGTON )

 3                       ) SS

 4   COUNTY OF KING      )

 5        I, Donna Hunter, Certified Court Reporter and Notary Public

 6   duly and qualified in and for the State of Washington do hereby

 7   certify that the foregoing transcript is a true and correct

 8   transcript of my original stenographic notes.

 9        I further certify that I am neither attorney or counsel

10   for, nor related to or employed by any of the parties to the

11   action in which this testimony is taken; and furthermore, that I

12   am not a relative or employee of any attorney or counsel

13   employed by the parties hereto or financially interested in the

14   action.

15        IN WITNESS WHEREOF, I have hereunto set my hand and affixed

16   my Notarial Seal this 31st day of October, 2009.

17

18

19

20

21

22

23                         /S/Donna Hunter

24                         NOTARY IN AND FOR THE STATE OF

25                         WASHINGTON, RESIDING IN SEATTLE
```