```
 1                    UNITED STATES DISTRICT COURT
 2                   WESTERN DISTRICT OF WASHINGTON
 3   THE UNITED STATES OF AMERICA, )
                                   ) No. CR 06-466 TSZ
 4        Plaintiff,               )
                                   )
 5           vs.                   )
                                   )
 6   DAVID R. MENDOZA,             )
                                   )
 7        Defendant.               )
     _____)
 8
 9              VERBATIM TRANSCRIPT OF PROCEEDINGS
10                             OF
11            AN ARRAIGNMENT & DETENTION HEARING
12   BEFORE THE HONORABLE MARY ALICE THEILER, MAGISTRATE JUDGE
13                          5/4/2009
14                         APPEARANCES
15         For Plaintiff: Susan Roe & Ron Friedman
16       For Defendant: Jeffery Robinson & Colette Tvedt
17
18
19
20
21       Transcribed from electronic sound recording
22       Transcript produced by transcription service
23
24
25             Transcribed by Brian Killgore
```

1

**ACE Reporting Services, Inc. (206) 467-6188**

1         (Proceedings of 5/4/2009)
2         THE COURT:  Okay, this is case number CR 06-466,
3    United States v. David Ronald Mendoza.
4         Appearances, please, Ms. Roe?
5         MS. ROE:  Good afternoon, Your Honor, Susan Roe
6    and Ron Friedman here on behalf of the United States.
7         THE COURT:  And Mr. Robinson?
8         MR. ROBINSON:  Good afternoon, Your Honor, Jeffrey
9    Robinson and Colette Tvedt on behalf of David Mendoza who is
10   present.
11        THE COURT:  Okay.  And good afternoon, Mr.
12   Mendoza.
13       You're here because there was an indictment that was
14   filed in this district.  This is your first appearance in
15   this court so let me advise you that you have the right to
16   remain silent.  Anything you say can be used against you,
17   and if you have already made a statement, you don't have to
18   say anything else.
19       And you also are entitled to be represented by an
20   attorney.  Now if you can't afford an attorney, the Court
21   would appoint one to represent you at no charge to you.
22       I understand you are retained, Mr. Robinson?
23        MR. ROBINSON:  That is correct.
24        THE COURT:  So if in the future, Mr. Mendoza, you
25   would like the Court to consider appointing counsel, we have

1      a financial affidavit form that we would have you fill out;
2      we could provide the form to you.
3            When you fill it out, the Court would review it, and if
4      you qualify, we would appoint counsel at that time.
5            So we are going to review the charges and possible
6      penalties for you this afternoon, and then you will have an
7      opportunity to enter a plea to those charges.
8            I do need you to state your full name, though, please,
9      for the record, would you do that?
10                THE DEFENDANT:  Yes, David Ronald Mendoza.
11                THE COURT:  And what year were you born?  I just
12     need the year.
13                THE DEFENDANT:  1964.
14                THE COURT:  Okay.
15         Do you waive formal reading, Mr. Robinson?
16                MR. ROBINSON:  We do, Your Honor.
17                THE COURT:  Let us review the charges and the
18     possible penalties.
19                MS. ROE:  Thank you, Your Honor.
20         In Counts 1 and 2, Mr. Mendoza is charged with
21     conspiracy.
22         Count 1 is a five year conspiracy, continuing through
23     August 17, 2006; that he knowingly and intentionally
24     conspired with others to import from Canada into the United
25     States marijuana.

3

1      The allegation is that it involved 1000 kilograms or
2  more of marijuana.
3      Count 2 is a conspiracy to possess the marijuana
4  onboard arriving aircraft with the time being alleged during
5  June 1, 2005, through August 17, 2006, within this district
6  and elsewhere, Mr. Mendoza knowingly and intentionally
7  conspired to possess onboard arriving aircraft in the United
8  States, without any part of the official manifest,
9  marijuana.
10     This allegation is also 1000 kilograms or more of
11 marijuana.
12     Counts 3, 4 and 5 are all charges of possession of
13 marijuana onboard arriving aircraft.
14     Count 3 alleges that on August 4, 2005, within this
15 district, he possessed and aided and abetted the possession
16 of marijuana onboard an aircraft arriving in the United
17 States, without it being part of the official cargo or
18 manifest.
19     That allegation is 100 kilograms or more.
20     Count 4 is the same type of charge which is alleged to
21 have occurred on February 7, 2006, within this district.
22 That allegation is 100 kilograms or more.
23     And count 5 is alleged during the time period from June
24 1 through August 17, 2006, within this district and
25 elsewhere; again that he possessed and aided and abetted the

1    possession of marijuana onboard an arriving aircraft -- also
2    alleged 100 kilograms or more.
3        There was a notice of forfeiture alleged as to the five
4    drug counts.
5        Count 6 is a conspiracy to engage in money laundering
6    alleged to have occurred at the time five years leading up
7    through and continuing through March 2, 2007; that he and
8    others in this district knowingly and intentionally
9    conspired to conduct transactions affecting interstate
10   commerce involving proceeds of his marijuana importation,
11   the conspiracies and the marijuana loads on the incoming
12   aircraft -- with the intent of promoting the carrying on of
13   the unlawful activities, knowing that the transactions were
14   designed in whole or in part to disguise the nature,
15   location, source, ownership or control of the proceeds, and
16   to avoid transaction reporting requirements under state and
17   federal law, and that he transmitted, transferred or
18   attempted to do so, monetary instruments or funds from a
19   place inside the United States to a place outside the United
20   States for the same purposes and involving the same
21   proceeds.
22       Count 7 will not be prosecuted as the terms of the
23   extradition from Spain were not allowed for count 7.
24       There is also a notice of criminal forfeiture alleged
25   as to count 6.

1    The statutory provisions for punishment on counts 1 and
2    2, since there has been a notice of information of prior
3    drug convictions, which increases the mandatory minimums, on
4    counts 1 and 2 Mr. Mendoza faces 20 years to life of
5    possible statutory; a fine of up to $8 million; 10 years of
6    supervised release and a $100 assessment.
7        On counts 3, 4, and 5, he faces a minimum mandatory of
8    10 years, up to life; fines of up to $4 million; eight years
9    of supervised release and a $100 assessment.
10       On count 6, the conspiracy to engage in money
11   laundering, he faces up to 20 years in prison, a $250,000
12   fine, or twice the sum of the laundered funds, whichever is
13   greater, three years of supervised release, and the $100
14   assessment.
15           THE COURT:  So do you understand the charges in
16   counts 1 through 6, Mr. Mendoza?
17           THE DEFENDANT:  Yes, I do.
18           THE COURT:  And is your client prepared to enter a
19   plea, Mr. Robinson?
20           MR. ROBINSON:  Your Honor, we would ask the Court
21   to enter pleas of not guilty to the charges 1 through 6.
22           THE COURT:  Pleas of not guilty are entered to
23   counts 1 through 6.  And a trial date?
24           THE CLERK:  Trial is set before Judge Zilly on
25   June 29 at 9 AM.  Pretrial motions will be due May 26.

**ACE Reporting Services, Inc. (206) 467-6188**

```
 1              THE COURT:  Do you request formal discovery, Mr.
 2    Robinson?
 3              THE DEFENDANT:  We do under rule 16, Your Honor.
 4    Thank you.
 5              THE COURT:  And the government has moved to detain
 6    Mr. Mendoza, indicating that they are ready to proceed
 7    today.
 8         Would you like more time, Mr. Robinson?
 9              MR. ROBINSON:  I would like more time, but what I
10    really want to indicate to the Court is that we are not
11    contesting detention.
12              THE COURT:  Okay.
13              MR. ROBINSON:  So we don't have any problem with
14    the Court entering an order of detention today.
15              THE COURT:  At this time?
16              MR. ROBINSON:  If we come up with information that
17    would -- that we believe would convince the Court that some
18    other resolution is appropriate, we will come back before
19    you at that time --
20              THE COURT:  All right.
21              MR. ROBINSON:  -- but at this point, I think
22    detention is appropriate.
23              THE COURT:  Okay.
24         Well, we will enter an order to that effect.
25         All right, I think that is it.  Mr. Mendoza is all set.
```

7

**ACE Reporting Services, Inc. (206) 467-6188**

1        Thank you.
2                MR. ROBINSON:  Your Honor, may I say for the
3        record -- I'm sorry?
4                THE COURT:  Yeah, go ahead.
5                MR. ROBINSON:  One of the deputy marshals gave me
6        two documents; one is a document from the Ministry of
7        Interior of Spain and one is a letter to Mr. Clifton Johnson
8        on US Department of Justice stationery.
9            I just wanted to indicate for the record that these
10       documents have been given to me and that Mr. Mendoza -- that
11       I have Mr. Mendoza's permission to take these documents.
12           The marshals were concerned if they were his; I just
13       wanted to make sure that it was okay with --
14               THE COURT:  Is that all right with you, Mr.
15       Mendoza?
16               THE DEFENDANT:  That's fine.
17               THE COURT:  All right.  Very good.
18               MR. ROBINSON:  Thank you.
19               THE COURT:  Thank you.
20               MS. ROE:  Thank you, Your Honor.
21               THE COURT:  And Mr. Butterfield is next.
22               (End of proceedings for 5/4/2009)
23
24
25

*ACE Reporting Services, Inc. (206) 467-6188*

1                         CERTIFICATE

2       I certify that the foregoing is a correct transcript from the

3   electronic sound recording of the proceedings in the above-

4   entitled matter.

5
        /Brian J. Killgore/            July 14, 2010
6
        AAERT Certified Electronic Court Reporter & Transcriber
7       License CERT*D-498

8       ACE Reporting Services, Inc.
        1900 West Nickerson Street - Suite 209
9       Seattle, WA 98119-1650
        (206) 467-6188

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25